975 So.2d 475 (2007)
C.D., Petitioner,
v.
Vincent VURRO, Florida Juvenile Detention Center, Respondent.
No. 2D07-1879.
District Court of Appeal of Florida, Second District.
June 20, 2007.
Robert R. Jacobs, II, Public Defender, and Rita Chansen, Assistant Public Defender, Fort Myers, for Petitioner.
No Appearance for Respondent.

ORDER ON MOTION FOR CLARIFICATION
DAVIS, Judge.
On April 24, 2007, the petitioner filed a "child's emergency petition for writ of habeas corpus" challenging the continued detention of the petitioner without holding hearings each forty-eight-hour period of the detention. We denied the petition on April 24, 2007. The petitioner then filed a motion for clarification. We grant the petitioner's motion for clarification and write to clarify our interpretation of section 985.255(2), Florida Statutes (2007).
The requirement of a hearing within forty-eight hours of placement in secure detention for a child charged with committing an offense of domestic violence and not otherwise subject to secure detention originated in section 39.042(2)(b)(3), Florida Statutes (Supp.1994). This statute explicitly provided for a detention hearing to *476 be held every forty-eight hours after placement in secure detention. The 1995 version of section 39.042(2)(b)(3) specifically stated:
A child who is charged with committing an offense of domestic violence as defined in s. 741.28(1) and who does not meet detention criteria may be held in secure detention for up to 48 hours if a respite home or similar authorized residential facility is not available. The court may order that the child continue to be held in secure detention provided that a hearing is held at the end of each 48-hour period, excluding Saturdays, Sundays, and legal holidays, in which the state attorney and the department may recommend to the court that the child continue to be held in secure detention.
(Emphasis added.) However, as a result of the 1997 legislative amendments, section 39.042 was transferred, renumbered as section 985.213, Florida Statutes, and amended. See ch. 97-238, § 21, Laws of Fla. Effective October 1, 1997, section 985.213(2)(b)(3) was amended to read in part as follows:
The child may not be held in secure detention under this subparagraph for more than 48 hours unless ordered by the court. After 48 hours, the court shall hold a hearing if the state attorney or victim requests that secure detention be continued. The child may continue to be held in secure detention if the court makes a specific, written finding that secure detention is necessary to protect the victim from further injury.
(Emphasis added.) This amendment provided a more formalized procedure by mandating that written findings be entered at a hearing held within forty-eight hours of the child's placement in secure detention. While the legislature specifically opted in section 39.042 to require continued hearings every forty-eight hours, it implicitly rejected this requirement when it formalized the procedure for the court to make written findings at the first forty-eight-hour hearing pursuant to section 985.213. If the legislature intended to continue mandating the forty-eight-hour requirement as originally dictated in section 39.042, it would have explicitly done so.
Once the legislature opted to remove the requirement to hold a hearing for each forty-eight-hour period a child remains in secure detention, the enactment applied to all subsequent amendments to the procedures for holding a child charged with domestic violence in secure detention. When the petitioner in this proceeding was charged with domestic violence battery, section 985.255(2) was in effect. Because the text of section 985.255(2) is identical to the text that was found in section 985.213(2),[1] it maintains the legislative intent of requiring written findings at a hearing to be held within forty-eight hours of a child's placement in secure detention but does not resurrect the requirement of section 39.042 to continue holding hearings for each forty-eight-hour period the child remains in secure detention. Accordingly, the procedures followed in the detention of the petitioner were correct and reflected the legislative intent of chapter 985.
WALLACE and LaROSE, JJ., Concur.
NOTES
[1] In the 2006 legislative session, section 985.213(2) was renumbered as section 985.245. See ch. 06-120, § 32, Laws of Fla. (effective Jan. 1, 2007). The portion of the text in section 985.213(2)(b)(3) that relates to the issue in this proceeding was removed from section 985.245 and was transferred to section 985.255(2), a newly created statute. See ch. 06-120, §§ 32, 34, Laws of Fla. (effective Jan. 1, 2007).